IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SARAH DOUGLAS, | * |
| Plaintiff, | * |
| v. | *   Civil No. 3:04-CV-2396-H |
| MORTENSON BROADCASTING COMPANY, d/b/a KHVN and KGGR RADIO, and JEROME THOMAS, Individually, | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion for Summary Judgment, and supporting brief and appendix, filed July 13, 2005; Plaintiff's Response, and supporting brief and appendix, filed July 29, 2005; and Defendant's Reply and appendix, filed August 9, 2005.

For the reasons that follow, Defendants' motion is denied in part and rendered moot in part.

**I.   Background**

Plaintiff Sarah Douglas brings this case under Title VII for employment discrimination, sexual harassment, and unlawful retaliation, *see* 42 U.S.C. § 2000e, *et seq.* ["Title VII"], as well as for ancillary claims under state law. *See* 28 U.S.C. §§ 1331, 1367 (conferring jurisdiction). Douglas worked as an advertising salesperson at a radio station owned by Mortenson Broadcasting Company ("MBC"). The gravamen of her claim against MBC is sexual harassment by program director Jerome Thomas. She also pleads that MBC terminated her employment in unlawful retaliation for her complaints of sexual harassment and for her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Against Thomas individually, Plaintiff brings

causes of action for assault and intentional infliction of emotional distress. Defendants ask the Court to grant summary judgment in their favor on all of Plaintiff's claims.

## II.    Summary Judgment Standard

The Court may grant summary judgment only where there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 316 (5th Cir. 2001). Therefore, summary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of her *prima facie* claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Mason*, 274 F.3d at 316.

In deciding whether summary judgment is proper, the Court reviews the facts, and all inferences drawn from those facts, in the light most favorable to the party opposing the motion. *Jurgens v. EEOC*, 903 F.2d 386, 388 (5th Cir. 1990). The Court will not, however, weigh the evidence or evaluate the credibility of witnesses. *Anderson*, 477 U.S. at 248; *Mason*, 274 F.3d at 316. If the record taken as a whole could lead a rational trier of fact to find for the non-moving party, then a genuine issue remains for trial. *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

With these standards in mind, the Court turns to an analysis of Defendants' motion for summary judgment.

**III.     Analysis**

    A.     Sex Discrimination

In the motion for summary judgment, Defendants first address Plaintiff's Title VII claim for "disparate treatment" sex discrimination. Plaintiff did not include that claim, however, in the Joint Pretrial Order entered October 18, 2005. It is therefore deemed to be abandoned. *See Flannery v. Carroll*, 676 F.2d 126, 129 (5th Cir. 1982) ("If a claim or issue is omitted from the [pretrial] order, it is waived."). Defendants' motion for summary judgment with regard to that cause of action is thus rendered moot.

    B.     Sexual Harassment

Plaintiff's central claim against MBC is for violation of Title VII based on sexual harassment. Defendant asks the Court to dismiss that claim for the following reasons: (1) that Douglas has failed to exhaust her administrative remedies for any event other than the alleged assault of July 15, 2004; (2) that for that particular incident, MBC acted promptly to remedy the situation; (3) that Douglas did not avail herself of corrective measures offered by MBC; and (4) that the alleged harassment was not sufficiently severe or pervasive to support Douglas's claim. Only the first – failure to exhaust administrative remedies – requires discussion.

Before filing a judicial complaint, a Title VII plaintiff must exhaust her administrative remedies by filing a charge with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5(f)(1); *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir.1997), *cert. denied*, 523 U.S. 1136, 118 (1998). This requirement ensures two things: first, that the EEOC has an opportunity to fulfill its statutory duty to investigate the charge of discrimination; and second, that the employer has

sufficient notice to take appropriate measures to correct or remedy the alleged discrimination. *See Brown v. Dr. Pepper/Seven Up, Inc.*, 2000 WL 370669, *9 (N.D. Tex. 2000) (citing cases).

In this case Plaintiff filed a Charge with the EEOC on August 10, 2004. *See* Defs' App. pp. 199-200 ["August 10 Charge"]. She named Defendant MBC and checked the box for discrimination based on sex. For the time period of the discrimination, she indicated only one day, July 15, 2004. Her Statement of Discrimination reads: "I believe that I was discriminated against because of my sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended." Her factual statement in the "Personal Harm" section reads: "On July 15, 2004, I was subjected to sexual harassment in the form of having my buttocks groped by Jerome Thomas, Program and Music Director." Because of the way she filled out the form, Defendant MBC argues, Douglas has failed to exhaust her administrative remedies for any event other than the alleged assault of July 15, 2004. The Court disagrees.

A Title VII claim is not necessarily restricted to the specifics a plaintiff alleges on the EEOC charge, but rather is limited to the scope of the investigation that can reasonably be expected to grow out of those allegations. *Thomas v. Texas Dep't of Crim. Justice*, 220 F.3d 389, 395 (5th Cir. 2000); *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 450-51 (5th Cir. 1983). Here, the scope of any investigation of Plaintiff's Charge would reasonably include an inquiry into Thomas's workplace behavior and interactions during the time he and the Plaintiff worked together. Defendant cites no legal precedent in which a Title VII cause of action alleging a pattern of related conduct by a single named perpetrator is restricted to a solitary event because a plaintiff fails to list the additional events and dates in her EEOC Charge. The clear language of relevant Fifth Circuit law dictates otherwise. *See, e.g.*, *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) ("A Title

4

VII cause of action may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations . . .."); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990) ("The scope of inquiry is not, however, limited to the *exact* charge brought to the EEOC.") (emphasis in original). This is not a case in which a plaintiff attempts to float a new and unrelated theory of harassment by parties never named to the EEOC. *Cf. Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 398 n.3 (5th Cir. 1996). The scope of an investigation reasonably expected to grow out of the August 10 Charge is sufficiently broad to support Plaintiff's claim of sexual harassment in its entirety.

Defendant's final three arguments are predicated in part on the Court's limiting the sexual harassment claim to the July 15, 2004, incident, and they are rejected accordingly. Plaintiff has raised ample issues of material fact with regard to each of those grounds, and the claim of sexual harassment against MBC will be for jury trial.

C.   Retaliation

In the remaining Title VII cause of action, Plaintiff alleges that MBC's termination of her employment was in retaliation for reporting the alleged harassment and filing the August 10 Charge with the EEOC. To establish a *prima facie* case of retaliation, a Title VII plaintiff must show (1) that she engaged in an activity protected by the state; (2) that an adverse employment action occurred; and (3) that a causal link connects the protected activity and the adverse employment action. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004).

Defendant MBC concedes the first two prongs of the test. At issue here is the third requirement, causation. MBC argues that Douglas offers nothing but an unsupported subjective

belief that retaliation occurred.  Defendant argues further that it had legitimate reasons to terminate Plaintiff's employment unrelated to her complaining to the company about sexual harassment or filing an EEOC Charge.  Under Fifth Circuit law, however, Plaintiff "need not prove that her protected activity was the sole factor motivating the employer's challenged decision in order to establish the 'causal link' element of a *prima facie* case."  *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996).

Here, an inference of causation is raised by several circumstances.  First, the date of Plaintiff's termination itself is sufficiently close in time (about two months) to the EEOC filing to imply connectedness.  *See Handzlik v. United States*, 93 Fed. Appx. 15, 19 (5th Cir. 2004) (holding two months' time between a protected activity and adverse employment action to be enough to raise an inference of *prima facie* causation); *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) ("[A] time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes.").  Moreover, that inference is bolstered by the language of the October 21, 2004, termination letter from MBC's president, Jack Mortenson.  Defs' App. at 194-95.  In that letter Mortenson cites various reasons for Plaintiff's termination (*i.e.*, contentiousness, insubordination, facilitation of gossip and ill will) that a reasonable juror could find to refer, at least in part, to Plaintiff's complaints of sexual harassment.  In addition, evidence exists tending to show that MBC changed the terms of Plaintiff's employment and compensation in a negative way (*e.g.*, requiring her to meet a monthly quota) after her complaints and in the weeks leading up to her termination.  *See* Defs' Brf at 10-11, 16-17 (and evidence cited therein).  Although none of these matters may be sufficient alone to create the required causal link, the totality of the record creates

a genuine issue of material fact whether Plaintiff was terminated in retaliation for a protected activity. Accordingly, summary judgment will not be granted. *See Friou*, 948 F.2d at 974.

D.  State Law Claims Against Jerome Thomas

Plaintiff's remaining two claims are brought under state law against Defendant Jerome Thomas. On neither claim is Defendant Thomas entitled to judgment as a matter of law. Without detailing the substantial number of issues of material fact raised in Plaintiff's response and appendix, the Court declines to award summary judgment. The causes of action for assault and intentional infliction of emotional distress against Jerome Thomas will be for the jury to decide.

IV.  **Conclusion**

For the reasons above, the Court makes the following rulings. Plaintiff's claim for sex discrimination (disparate treatment) under Title VII has been abandoned in the Pretrial Order and is **DISMISSED WITH PREJUDICE**. Defendant's motion for summary judgment is therefore rendered **MOOT** in that regard.

In all other things, Defendants' motion is **DENIED**. Causes of action remaining for trial as scheduled are (1) Title VII sexual harassment, against MBC; (2) Title VII retaliation, against MBC; (3) assault, against Jerome Thomas; and (4) intentional infliction of emotional distress, against Jerome Thomas.

SO ORDERED.

DATED: October 24, 2005.

_____
**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**